United States District Court
Southern District of Texas
**ENTERED**
June 25, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE LEWIS CARTER,<br>TDCJ #443810,<br><br>Plaintiff,<br><br>v.<br><br>LIEUTENANT BROWN, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-17-3089 |

## **MEMORANDUM AND ORDER**

Eddie Lewis Carter, a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a civil rights complaint under 42 U.S.C. § 1983 to challenge the result of a prison disciplinary conviction. At the Court's request, Lewis has filed a more definite statement of his claims [Doc. # 10]. Because Lewis is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be dismissed for reasons set forth below.

I.    **BACKGROUND**

Carter is currently confined at the Ramsey Unit in Rosharon.[1] The disciplinary proceeding that forms the basis for his complaint occurred at the Garza East Unit in Beeville, where Carter was previously confined.[2] Carter sues the following prison officials who are employed by TDCJ at the Garza East Unit: (1) Lieutenant Brown; (2) Correctional Officer Erick Galeas; (3) Warden Gordy; and (4) Grievance Coordinator B. Barnett.[3]

Carter contends that Officer Galeas filed false disciplinary charges against him on May 27, 2017, in TDCJ Case No. 20170288747 for being "out of place" without authorization.[4] Carter was convicted of those charges following a hearing held on May 31, 2017.[5] As punishment, the disciplinary hearing officer (Lieutenant Brown) curtailed Carter's commissary and recreation privileges for 30 days.[6] Carter appealed

---

[1]    Complaint [Doc. # 1], at 3.

[2]    *Id.*

[3]    *Id.*

[4]    *Id.* at 4; Plaintiff's More Definite Statement [Doc. # 10], at 1.

[5]    Plaintiff's More Definite Statement [Doc. # 10], at 1.

[6]    *Id.* at 2.

the conviction, arguing that the disciplinary charge and testimony given by Officer Galeas was false, but Carter's appeal was unsuccessful.[7]

Carter contends that Officer Galeas committed perjury and that Lieutenant Brown obstructed justice by finding him guilty based on the false testimony given at the disciplinary hearing.[8] Carter contends further that Grievance Coordinator Barnett failed to conduct a proper investigation and that Warden Gordy failed to overturn the false disciplinary conviction on appeal.[9] Alleging that the defendants violated his constitutional right to due process,[10] Carter seeks compensatory and punitive damages, as well as injunctive relief.[11]

## II.    DISCUSSION

An inmate's rights in the prison disciplinary context are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally

---

[7]    *Id.* at 2-3.

[8]    *Id.*

[9]    *Id.* at 3-4.

[10]    *Id.*

[11]    Complaint [Doc. # 1], at 4.

protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in connection with a prison disciplinary proceeding only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Carter cannot demonstrate a constitutional violation in this instance because he concedes that he did not lose any good-time credit as a result of the challenged disciplinary conviction.[12] This is fatal to Carter's claims. *See Malchi*, 211 F.3d at 957-58. Although the disciplinary conviction at issue resulted in the loss of privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Because Carter cannot demonstrate a constitutional violation under these circumstances, he

---

[12] Plaintiff's More Definite Statement [Doc. # 10], at 2.

fails to state a claim upon which relief may be granted and his complaint must be dismissed.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by Eddie Lewis Carter (TDCJ #443870) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on June 25th, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE